PER CURIAM.
In this post-dissolution proceeding, David A. Siegel (husband) petitions this *485 court for a writ of prohibition seeking to prohibit the trial court from exercising its jurisdiction to issue a writ of execution, to release funds placed in the registry of the court without requiring respondent, Bettie I. Siegel (wife), to issue a satisfaction of judgment, and to waive a bond. Concluding that the trial court possesses jurisdiction to enter such orders, we deny the petition.
The parties resolved their dissolution of marriage action by entering into a marital settlement agreement. Said agreement was incorporated into a final judgment of dissolution. The husband subsequently sought to have the final judgment set aside pursuant to rule 1.540 of the Florida Rules of Civil Procedure. The trial court denied that motion, and the court’s ruling was affirmed on appeal. Since the wife was the prevailing party in that proceeding, she was entitled to recover reasonable attorney’s fees under the terms of the parties’ marital settlement agreement. On January 30, 2002, the wife was awarded attorney’s fees in the amount of $863,027.25 (the first order). In the order awarding said fees, the trial court reserved ruling on the issue of whether the wife was entitled to receive additional attorney’s fees for the time expended by her attorneys in litigating of the fee issue.
The husband appealed the first order but his appeal was dismissed without prejudice for lack of jurisdiction. This court determined that the order constituted a non-final, non-appealable order since additional judicial labor was necessary to determine the wife’s entitlement to recover additional fees beyond those awarded in the first order.
Subsequently, the trial court entered a second order on September 30, 2002 (the second order). That order awarded the wife her court costs, while denying her request for additional attorney’s fees. The husband appealed the second order, and included within the notice of appeal the first order as well. In that appeal, the husband addressed the merits of the awards entered in the first order as well as those entered in the second order. This court issued a per curiam affirmance in that case.
The husband deposited into the registry of the court the amount of costs awarded by the second order plus interest. However, he did not deposit any amount for the payment of the attorney’s fees awarded in the first order. Thereafter, the wife filed a motion for issuance of a writ of execution and a motion to release the funds placed into the registry of the court. Not surprisingly, she declined to accept the amount deposited into the court registry in full satisfaction of both orders. She instead claimed an entitlement to execute on the $862,027.25 award of attorney’s fees.
The husband responded by filing the instant petition for writ of prohibition, arguing that the trial court lacks jurisdiction to grant the wife’s motions. We disagree.
Once the trial court resolved the additional pending issues by entering in its second order, the husband was entitled to appeal all issues regarding attorney’s fees and court costs, which he did. This court’s affirmance in that case constitutes the law of the case on the issue of the wife’s entitlement to attorney’s fees and costs. Accordingly, the husband’s attempts to prevent the wife from executing upon the first order (which he has failed and refused to satisfy) is without merit.
PETITION DENIED.
SHARP, W., THOMPSON and PALMER, JJ., concur.